IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOEY ALAN GRIZZELL, AIS 297073, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-cv-318-WHA-JTA |
| | ) | (WO) |
| STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Joey Alan Grizzell, an Alabama inmate, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 wherein he challenges his 2016 Elmore County conviction for manslaughter. Doc. No. 1.[1] For the reasons discussed below, the undersigned recommends that Grizzell's petition be dismissed as time-barred. *See* 28 U.S.C. § 2244(d)(1)(A).

## I.   BACKGROUND

**A.   Relevant State Court Proceedings**

### *1.   2016 Conviction and Direct Appeal*

On April 11, 2016, Grizzell appeared in the Elmore County Circuit Court and pled guilty to manslaughter under a plea agreement, in violation of ALA. CODE § 13A-6-3.[2]

---

[1] References to documents filed in this case are designated as "Doc. No." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as submitted for filing.

[2] Grizzell originally pled guilty to manslaughter in August 2014. The Alabama Court of Criminal Appeals reversed that conviction in April 2015 upon finding the trial court erred in denying Grizzell's motion to suppress a statement he made to police. *Grizzell v. State*, 186 So. 3d 478 (Ala. Crim. App. 2015). Grizzell later again pled guilty to manslaughter, the conviction he challenges by this § 2254 petition.

Doc. No. 9-9 at 20–22. On May 17, 2016, the trial court sentenced Grizzell to 16 years in prison. Doc. No. 9-9 at 46–47. Grizzell was ordered to pay court costs, $1,000 to the Crime Victim's Compensation Fund, a $25 bail bond fee, and $750 in attorney's fees. Doc. No. 9-9 at 47. The sentencing order also provided that the "payment of court-ordered monies shall be a condition of parole, early release, S.I.R. [Supervised Intensive Restitution], work release, or probation." Doc. No. 9-9 at 46.

Grizzell appealed, arguing that: (1) his trial counsel rendered ineffective assistance by failing to inform him he would be eligible for parole earlier under Alabama law had he not agreed to serve 80% of his sentence under his plea agreement; (2) the trial court's sentencing order violated the separation of powers mandate in Article III, § 43 of the 1901 Alabama Constitution; and (3) the trial court's sentencing order unlawfully conditioned his eligibility for early release upon his payment of court-ordered monies. Doc. No. 9-10.

On December 9, 2016, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Grizzell's conviction and sentence. Doc. No. 9-12. Grizzell's application for rehearing was overruled on December 23, 2016. Doc. Nos. 9-13, 9-14. Grizzell did not file a petition for a writ of certiorari with the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment on February 10, 2017. Doc. No. 9-15.

**2.    *Grizzell's Rule 32 Petition***

On June 6, 2018, Grizzell, proceeding *pro se*, filed what he styled as a "Petition for a Writ of Habeas Corpus" in the Montgomery County Circuit Court.[3] Doc. No. 9-16 at 4–27. In the petition, Grizzell claimed that: (1) his manslaughter conviction was improper because a murder charge in one count of the indictment was dismissed and both charges stemmed from the same indictment under the same case number; and (2) his manslaughter conviction violated the prohibition against double jeopardy because the murder and manslaughter charges in the indictment subdivided a "criminal conspiracy into multiple violations." Doc. No. 9-16 at 6–9. The Montgomery County Circuit Court transferred Grizzell's petition to the Elmore County Circuit Court (i.e., the court of conviction) for review as a petition for postconviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. No. 9-16 at 42–45, 54. Grizzell then amended the Rule 32 petition to add a claim that his guilty plea was involuntary. Doc. No. 9-16 at 63–89.

The trial court appointed counsel to represent Grizzell and held a hearing on his Rule 32 petition on October 24, 2019. Doc. No. 9-16 at 91, 96, 135–86. On November 18, 2019, the trial court entered an order denying Grizzell's Rule 32 petition. Doc. No. 9-16 at 99–100.

Grizzell appealed, pursuing the issues raised in his Rule 32 petition. Doc. No. 9-18. On May 15, 2020, the Alabama Court of Criminal Appeals remanded the case with

---

[3] The court applies the "prison mailbox rule" to determine the filing dates of the state postconviction petition filed by Grizzell as well the filing date of his federal habeas petition. Under the prison mailbox rule, a *pro se* petition is deemed to be filed on the date a prisoner delivers the petition to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

directions for the trial court to address the claims in Grizzell's amendment to the Rule 32 petition. Doc. No. 9-20. On remand, the trial court issued an order addressing those claims and denying Grizzell relief. Doc. No. 9-21 at 4–8.  On December 11, 2020, on return to remand, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment denying Grizzell's Rule 32 petition. Doc. No. 9-24.

Grizzell applied for rehearing (Doc. No. 9-25), and on January 29, 2021, the Alabama Court of Criminal Appeals overruled the application; in doing so, the court withdrew its December 11, 2020 memorandum opinion and substituted for it an opinion addressing certain arguments Grizzell made on rehearing. Doc. Nos. 9-26, 9-27. Grizzell filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on March 12, 2021. Doc. Nos. 9-28, 9-29. A certificate of judgment was issued on that same date. Doc. No. 9-30.

**B.    Grizzell's § 2254 Petition**

Grizzell filed this *pro se* § 2254 petition on April 26, 2021.[4] Doc. No. 1. In his petition, Grizzell claims that: (1) the trial court was without jurisdiction to accept his guilty plea because his case was "dismissed [and] never properly reinstated[;]" (2) his sentence was illegal because he was "sentenced outside of the guidelines[;]" (3) his guilty plea was involuntary; (4) his trial counsel rendered ineffective assistance by failing to explain the possible sentence range and by not preparing for a trial; and (4) the victim's death was an

---

[4] Grizzell's § 2254 petition was date-stamped as received by the court on April 28, 2021. Doc. No. 1 at 1. However, Grizzell represents that he delivered the petition to prison authorities for mailing on April 26, 2021. Doc. No. 1 at 17.

"unintentional pure accident," and the charges against him were instigated by a "wealthy" and "very influential" family. Doc. No. 1 at 4–12.

Respondents argue that Grizzell's § 2254 petition is time-barred by AEDPA's one-year statute of limitations. Doc. No. 9 at 14–22. The undersigned agrees and recommends that the petition be denied without an evidentiary hearing and dismissed with prejudice.

## II.   DISCUSSION

### A.   AEDPA's One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

5

or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B.   Calculation of Timeliness Under 28 U.S.C. § 2244(d)(1)(A)

In most cases, a § 2254 petition must be filed within a year after the date on which the state court's judgment of conviction becomes final, either by the conclusion of direct review or the expiration of time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Here, the Alabama Court of Criminal Appeals affirmed Grizzell's conviction on direct appeal in a memorandum opinion issued on December 9, 2016. Doc. No. 9-12. After Grizzell's application for hearing was overruled, he did not seek certiorari review in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment in the direct review proceedings on February 10, 2017. Doc. No. 9-15. Thus, for purposes of § 2244(d)(1)(A), Grizzell's conviction became final on February 10, 2017. *See Brown v. Hooks*, 176 F. App'x 949, 951 (11th Cir. 2006). On that date, AEDPA's one-year statute of limitations began to run. Absent some effective tolling event, whether statutory or equitable, Grizzell had until February 12, 2018,[5] to file a timely § 2254 petition.

## C.   AEDPA's Statutory Tolling Provisions

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitations period is tolled during the pendency of a properly filed state court petition. *See* 28 U.S.C. § 2244(d)(2). As

---

[5] February 10, 2018 was a Saturday. February 12, 2018 was the first business day after February 10, 2018.

recounted above, Grizzell filed an Alabama Rule 32 petition on June 6, 2018. However, the filing of that Rule 32 petition, and the related proceedings that followed, had no tolling effect under § 2244(d)(2) because AEDPA's statute of limitations—having run unabated without a tolling event for the entire year after Grizzell's conviction became final—expired on February 12, 2018. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.*; *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

Grizzell sets forth no facts or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B), (C), or (D).  Grizzell he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition, or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or that the facts supporting his claims could not have been discovered earlier by exercising due diligence.

For Grizzell, the limitations period under § 2244(d)(1)(A) for challenging his conviction expired on February 12, 2018. He filed his § 2254 petition on April 26, 2021, making his petition untimely under AEDPA.

## D.    Equitable Tolling

The AEDPA statute of limitations can be tolled on an equitable basis when a petitioner demonstrates he submitted an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The Supreme Court has held that a

petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Here, Grizzell makes no argument that he is entitled to equitable tolling in challenging his conviction, and the court knows of no reason that would support tolling of the limitations period in his case. As such, Grizzell's § 2254 petition is time-barred under AEDPA, and his claims are not subject to federal habeas review.[6]

### III.   CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that Grizzell's 28 U.S.C. § 2254 petition be DENIED as time-barred under 28 U.S.C. § 2244(d)(1)(A) and that this case be DISMISSED with prejudice.

It is further ORDERED that by **November 30, 2022**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a *de novo* determination by the District Court of any factual findings or legal conclusions

---

[6] Grizzell makes no claim that he is actually innocent to operate as a gateway to review of the claims in his time-barred petition. *See McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013); *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

8

contained herein and shall waive the right of the party to challenge on appeal any subsequent order based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 15th day of November, 2022.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE